MESINGER BICYCLE SADDLE CO. v. HUMBER et al.

(Circuit Court, S. D. New York. May 11, 1899.)

1. DESIGN PATENTS—INFRINGEMENT.
   Where the similarity of appearance between designs for bicycle saddles was due rather to the general similarity of such saddles than to the particular similarity between the two saddles in question, and the patent was not of a fundamental character, *held* there was no infringement.

2. SAME—BICYCLE SADDLES.
   The Mesinger patent, No. 25,423, for a design for a bicycle saddle having a centrally disposed opening upon which are displayed lines extending "both at right angles and diagonally to each other, said lines being interwoven, as shown," construed, and *held* not infringed.

In Equity.

Robert C. Mitchell, for plaintiff.
John C. Dewey, for defendant.

WHEELER, District Judge. This cause has been reheard on petition suggesting that the invention sought to be secured by the Mesinger design patent in question, No. 25,423, dated April 21, 1896, for a bicycle saddle, preceded the Cutting design patent, No. 24,988, dated December 17, 1895, held inadvertently to be an anticipation. The Hunt patent, No. 489,308, dated January 3, 1893, for a velocipede saddle, unquestionably antedates the Mesinger invention. It shows "an outline of general pelecoidal shape having a centrally disposed opening, whose contour is" somewhat "parallel with said outline," if not substantially so. It might be thought to be an anticipation but for the provision in the specification of the Mesinger patent that "upon the field inclosed by the outline of said central opening are displayed lines extending both at right angles and diagonally to each other, said lines being interwoven, as shown." As the only claim is for "the design of a bicycle saddle substantially as herein shown and described," this display upon this field is material, and especially so in view of the prior pelecoidal shapes and central openings. The alleged infringement does not display lines at right angles to each other, except at the extreme ends across longitudinal lines, nor lines diagonally to each other at all. If the question about this was as to mechanical equivalents to parts of a foundation patent, these longitudinal lines might perhaps be considered to be such; but, as this is a question of appearance only, and of appearance of this field made essential by the terms of the patent, it does not seem to be such. The similarity of appearance between this and the design of the patent grows out of the general similarity of such saddles, rather than out of the particular similarity of the defendant's saddles to the dif-

ference between the design of the saddles of the patent and those of prior structures. Tower v. Pencil Co. (April 4, 1899) 94 Fed. 361; Playing-Card Co. v. Spalding (April 24, 1899) Id. 822. Bill dismissed.